UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**CARLOS N. MORALES DIAZ**

**Plaintiff**

v.

**EDGARDO COLOMBA RIVERA, et al.,**

Defendants

CIVIL NO. 05-2279(DRD)

# ORDER OF DISMISSAL

  This matter is before the court on plaintiff Carlos N. Morales-Díaz's *pro se* complaint arising out of his incarceration at the Guayama Correctional Institution, located in the Municipality of Peñuelas, Puerto Rico. The Court has examined all pleadings submitted by plaintiff which are barely intelligible due to his convoluted handwriting. It seems, however, that his claims relate primarily to his transfer from Building 4 of Annex 296 to Annex 500 of the aforementioned institution. Plaintiff alleges that his transfer was a disciplinary transfer as to which he has never received an explanation. Because plaintiff states that no disciplinary action had been lodged against him, he deducts that he was transferred by mistake because he has been confused with another inmate bearing his same last names, "Carlos Josué Morales Díaz." While housed at Annex 296 plaintiff participated in a medium security boot camp program equipped with individual cells for each inmate. He alleges to have suffered damages in excess of $10 million as a result of his transfer from said facility and removal from the boot camp program; plaintiff claims additional damages of $75,000 each as to co-defendants Administration of Corrections and the Commonwealth of Puerto Rico. One of the exhibits to the complaint makes reference to September 23, 2004, as the date of a "Rule 22 for overcrowding" (translation ours). Thereafter, plaintiff seems to have filed a grievance proceeding (No. 260-05) on December 29, 2004 ("29/12/04") which was eventually dismissed as per Response dated May 4, 2005. (Docket No. 2).

  Co-defendants have requested dismissal of this action alleging that: (1) the complaint is time-barred because it was filed on December 12, 2005, more than one year after accrual of plaintiff's alleged injury on September 23, 2004; (2) the complaint should be dismissed on Eleventh Amendment grounds, to include any state claims under which the Court may exercise supplemental jurisdiction; (3) the complaint must be dismissed for failure to state a claim as to which relief may be granted; and, (4) the claims against co-defendant Rivera Colomba, in his personal capacity, must be dismissed because his actions are shielded under the doctrine of qualified immunity. (Docket No. 11).

Civil No. 05-2279(DRD)

Insofar as this action relates to plaintiff's transfer from Annex 296 and the boot camp program, it must be dismissed as it is well-settled that a prisoner has no justifiable expectation that he will be incarcerated in a particular prison. Olim v. Wakinekona, 461 U.S. 238 (1983). This Court knows of no Commonwealth of Puerto Rico regulation which confers a protected liberty interest in an inmate being or not being transferred. In fact, regardless of the existence of an applicable regulation, the Court notes that under the threshold test articulated in Sandin v. Conner, ___ U.S. ___, 115 S.Ct. 2293 (1995), the prison managerial decision to transfer him must present an "atypical and significant hardship * * * in relation to the ordinary incidents of prison life." Id., 115 S.Ct. at 2300. See also, Dominique v. Weld, 73 F.3d 1156 (1st Cir. 1996) (discussing Sandin's holding and application).

Nothing on the record before the Court suggests that the housing transfer decision in this case was anything but a day-to-day prison management determination, especially in light of the reference to "overcrowding" in the record. "[I]nmates do not have any federal constitutional right to participate in rehabilitative programs. Nor does an inmate have any constitutionally protected interest in a particular housing assignment or transfer to a particular prison." Estupinan v. United States, ___ F.Supp.2d ___, 2007 WL 778961, *10 (M.D. Fla. March 9, 2007) (citing cases). Plaintiff does not assert any atypical and significant hardship on account of the transfer. Simply put, plaintiff has not asserted the violation of his civil rights, or any constitutional right for that matter. It thus stands to reason that the complaint fails to state a civil rights claim as to which relief may be granted and this action should be **DISMISSED.**

In addition, this action further warrants **DISMISSAL** on Eleventh Amendment grounds, barring money damage claims under Section 1983 asserted by a private individual against an unconsenting state. Will v. Michigan Dept. of State Police, 491 U.S. 58, 62 (1989); Wilson v. Brown, 889 F.2d 1195, 1197 (1st Cir. 1989). That is because the Eleventh Amendment embodies a constitutional constraint on the exercise of federal judicial power that renders an "unconsenting state immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Employees of Dept. of Public Health & Welfare v. Dept. of Public Health & Welfare, 411 U.S. 279, 280 (1973). "This principle applies with full force to the states of the Union. Likewise, this principle is applicable to Puerto Rico," Ursulich v. Puerto Rico National Guard, 384 F. Supp. 736, 737 (D.P.R. 1974), which "despite the lack of formal statehood, enjoys the shelter of the Eleventh Amendment in all respects." Ezratty v. Commonwealth of Puerto Rico, 648 F.2d 770, 776 (1st Cir. 1988). See also, De León López v. Corporación Insular de Seguros, 931 F.2d 116, 121 (1st Cir. 1991) ("The Eleventh Amendment, despite the absence of any express reference, pertains to Puerto Rico in the same manner, and to the same extent, as if Puerto Rico were a State."); Figueroa-Rodríguez v. Aquino, 863 F.2d 1037, 1044 (1st Cir. 1988) (holding that the Eleventh Amendment deprives the federal court from hearing claims for damages against the Commonwealth of Puerto Rico).

Civil No. 05-2279(DRD)

    Similarly, in Reyes v. Supervisor of Drug Enforcement Administration, 647 F. Supp. 1509, 1513 (D.P.R. 1986), aff'd, 834 F.2d 1093 (1st Cir. 1987), the Court held that a claim for money damages against the Puerto Rico Police Department in federal court is barred by the Eleventh Amendment.  Eleventh Amendment immunity has also been extended to suits brought against state officials in the exercise of their duties to uphold government policy where recovery will come from the public fisc.  Kentucky v. Graham, 473 U.S. 159 (1985).  Thus, the Eleventh Amendment also bars recovery from co-defendant Colomba Rivera in his official capacity.

    This Federal Court cannot enter a civil rights decision based on local law as it is well-settled that "a federal suit against state officials on the basis of state law contravenes the Eleventh Amendment when the relief sought has an impact directly on the State itself."  Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 117 (1984).  In other words, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the state itself."

    In the absence of a cognizable civil rights claim, plaintiff's claims against co-defendant Colomba Rivera in his personal capacity must also be **DISMISSED**. The qualified immunity doctrine protects government officials from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  In this case, plaintiff simply does not establish or clearly identify a violation of his civil rights.

    The Court finds that this action, filed on December 12, 2005, is time-barred as to co-defendant Colomba Rivera in his personal capacity as the institutional grievance procedure initiated by the plaintiff on December 29, 2004, failed to interrupt the one-year statutory term applicable to alleged violations of plaintiff's civil rights on account of his September 23, 2004 transfer out of Annex 296 and its boot camp program.[1]  "[T]he filing of an administrative complaint will not toll the running statute of limitations for tort actions against employees nor violations of federal civil rights based on federal constitutional rights, by virtue that an administrative agency [...,] has no jurisdiction to review nor adjudicate such matters."  Vega v. Hernández, 381 F.Supp.2d 31, 41 (D.P.R. 2005).  "[F]or there to be an effective interruption of the statute of limitations period at the administrative level the claim must be against each individual defendant for a § 1983 constitutional federal violations and damages claim."  Id., citing Tokyo Marine and Fire Ins. v. Pérez & Cía., 142 F.3d 1, 4 (1st Cir. 1998)).  Cf., Torres v.

---

[1] In Wilson v. García, 471 U.S. 261 (1985), the Supreme Court articulated the guidelines to be used in determining what prescriptive period and determined that such claims "are best characterized as personal injury actions" and that the forum state's statute of limitations applicable to such claims should be used. Id. at 280.

Civil No. 05-2279(DRD)

<u>Superintendent of Police</u>, 893 F.2d 404 (1st Cir. 1990) (holding that statute of limitations on a federal civil rights claim brought by dismissed Puerto Rican police officers was not tolled by administrative action because the remedies requested were different). In sum, the grievance procedure constituted an interruption against the state but not against co-defendant Colomba Rivera in his personal and individual capacity.

    WHEREFORE, based on the aforementioned reasons, this action is **DISMISSED WITH PREJUDICE** and judgment shall enter accordingly. This case is hereby closed for all statistical purposes. Plaintiff is advised that any Notice of Appeal must be accompanied by certified translations of the exhibits to the Complaint, which were tendered in Spanish.

    IT IS SO ORDERED.

In San Juan, Puerto Rico, this 29th day of March, 2007.

                              s/ Daniel R. Domínguez
                              DANIEL R. DOMINGUEZ
                              U.S. DISTRICT JUDGE